McGREGOR W. SCOTT
United States Attorney
VINCENZA RABENN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GUSTAVO MARTINEZ, <br><br> Defendant. | CASE NO. 1:18-CR-00146-DAD-BAM <br><br> STIPULATION CONTINUE JURY TRIAL; AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT; FINDINGS AND ORDER |

### I.    BACKGROUND

This case is set for jury trial on June 9, 2020.  On March 16, 2020, the Court entered General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

On March 18, 2020, General Order 612 also issued.  Pursuant to that Order, all of the courthouses in the Eastern District of California were closed to the public.  It only allows persons with official court business or a healthy building tenant with official business on behalf of a tenant agency into the courthouse.  The Order further provides, among other things, that in criminal cases before district court judges, the assigned district court judge may continue matters after May 1, 2020, excluding time under the Speedy Trial Act with reference to Order 611 with additional findings to support the exclusion in the judge's discretion.  Clarification to Order 612 subsequently defined "persons having

official court business" and it explained how media may still gain telephonic access to a particular court proceeding on behalf of the public.

The State has also continued to take action to combat the COVID-19 pandemic. As of March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services. https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html.

Although General Order 611 addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as mandatory—the General Order requires specific supplementation and the parties seek to provide that through this Motion. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

GOV'T MTN. TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

2

recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). Also, this Court should designate a new date for the jury trial. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Court should continue the trial until October 6, 2020, at 8:30 am and hold a trial confirmation hearing September 21, 2020 at 10 am.
2. The Court should exclude time between June 9, 2020 and October 6, 2020 under Local Codes T4, T1, and M, and under the Speedy Trial Act.
3. The parties agree and stipulate, and request that the Court find the following:
    a. The government has represented that the discovery associated with this case includes wiretap applications and recordings, investigative reports, reports of witness interviews, photographs, video recordings, audio recordings, patient charts, bank records, email records, and other materials. This discovery has been produced direction to counsel and/or made available for inspection and copying.
    b. Counsel for the defense represents that she needs additional time to review the discovery for defendant's case, investigate a possible resolution for the case, and to review and assess the resolutions reached by defendants in case related to the defendant.
    c. Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into

     account the exercise of due diligence.

  d. In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case due to issues related to the COVID-19 outbreak and related measures:

    i. The trial would involve individuals with high risk factors, such as age and medical conditions;

    ii. Counsel for the defense represents that she needs additional time to investigate and provide evidence leading to a possible negotiated resolution for the case, and that such investigation is currently hampered by the limitations of the ongoing Shelter in Place Order.

  e. The government does not object to a continuance.

  f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

4. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 17, 2020 to May 7, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv), (h)(3)(A) and (B) [Local Codes T4, T1, and M] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 10, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ VINCENZA RABENN
VINCENZA RABENN
Assistant United States Attorney

Dated:  April 10, 2020

/s/ Galatea DeLapp
Galatea DeLapp
Counsel for Defendant
GUSTAVO MARTINEZ

## FINDINGS AND ORDER

For reasons set forth above, the continuance requested by the parties is granted for good cause and time is excluded under the Speedy Trial Act from June 9, 2020, to and including October 6, 2020, based upon the Court's finding that the ends of justice outweigh the public's and defendant's interest in a speedy trial and that defendant's counsel requires additional time to adequately prepare for trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

**IT IS ORDERED** that the Trial Confirmation currently scheduled for May 26, 2020, at 10:00 a.m. is continued to **September 21, 2020, at 10:00 a.m.** and the Jury Trial currently scheduled for June 9, 2020, at 8:30 a.m. is continued to **October 6, 2020, at 8:30 a.m.**

IT IS SO ORDERED.

Dated:  **April 16, 2020**

UNITED STATES DISTRICT JUDGE