UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 1:18-cr-00146-KJM-BAM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Jose Gustavo Martinez, | |
| Defendant. | |

Defendant Jose Gustavo Martinez seeks to reduce his sentence based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines and requests the appointment of counsel. For the reasons set forth below, the court **denies** defendant's motions.

I.   BACKGROUND

On September 27, 2021, subject to a written plea agreement, defendant pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Plea Hr'g, ECF No. 29; Plea Agreement, ECF No. 28; Indictment, ECF No. 5. The probation officer then prepared a presentence investigation report (PSR) and found defendant's total offense level was 29. PSR ¶ 49, ECF No. 35 (under seal). The probation officer assigned defendant three criminal history points based on a prior criminal conviction. *Id.* ¶¶ 61–62. As a result, defendant's criminal history category scored as II. *Id.* ¶ 63. The court adopted the PSR without change, *see* Statement of Reasons (on file with

1

1   court), and sentenced defendant to a total term of 60 months, Sent'g Min., ECF No. 48; J. and
2   Commitment at 2, ECF No. 49.
3       Defendant seeks assistance in filing a motion under Amendment 821 and requests the
4   court appoint him counsel.  Mot., ECF No. 52.  The court referred defendant's requests to the
5   Office of the Federal Defender (FDO) as provided by General Order 670 and set a briefing
6   schedule.  Min. Order (Apr. 8, 2024), ECF No. 53.  If the FDO did not file a notice of intent to
7   assume representation within twenty-eight days, the court directed the government to file a
8   response.  *Id.*  The FDO did not file a notice of intent to assume representation.  The United
9   States then filed an opposition to defendant's request, which it construed as a sentence reduction
10  motion, *see* Opp'n at n.1, ECF No. 56, and defendant did not reply.[1]

11  **II.   DISCUSSION**
12      First, the court construes defendant's filing as a motion for a sentence reduction under the
13  retroactive application of Amendment 821, which modifies specific aspects of the U.S.
14  Sentencing Guidelines.  *See* Mot.; Sentencing Guidelines for the United States Courts, 88 Fed.
15  Reg. 60534 (Sept. 1, 2023).  Amendment 821 is split into two sections—Parts A and B.  U.S.S.G.
16  Amend. 821, pt. A.[2]  Part A limits the criminal history impact of "status points" under U.S.S.G.
17  § 4A1.1, while Part B provides a two-level reduction for certain zero-point offenders under
18  U.S.S.G § 4C1.1.  *Id.*  The United States argues defendant is not entitled to relief under either
19  section.  *See* Opp'n at 1.  The court examines defendant's eligibility under each section in turn.
20      Under Part A, Amendment 821 reduces the number of status points assigned to defendants
21  who committed their instant offenses while under any criminal justice sentence.  *Compare*
22  U.S.S.G. § 4A1.1(e) (2023) *with* U.S.S.G. § 4A1.1(d) (2022).  Previously, the guidelines called

---

[1] The court received mail it had sent to defendant returned as undeliverable.  *See* Mail Returned, ECF No. 55.  The return mail stated defendant is no longer at the prison facility in Duluth, Minnesota.  *Id.*  However, until defendant notifies the Clerk of Court of his new address, the address on record shall be utilized.  *See* E.D. Cal. L.R. 182(f) (parties are required to notify the Clerk about any address change); *Cf. Vivanco-Zambrano v. Warden, FCI-Mendota*, No. 23-01328, 2024 WL 531276, at *1 (E.D. Cal. Feb. 9, 2024) (finding service on federal prisoner proceeding *pro se* was fully effective under Local Rule 182(f) despite return of mail).

[2] Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Oct. 4, 2024).

for adding two additional status points if the defendant committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (2022). Now the status point provision adds only one status point for such offenders with seven or more criminal history points and zero status points for offenders with six or fewer criminal history points. U.S.S.G § 4A1.1(e) (2023). Defendant did not commit the instant offense while under any criminal justice sentence and consequently did not receive any "status points." *See generally* PSR. Therefore, he is not entitled to relief under this first section. *See, e.g.*, *United States v. Nguyen*, No. 03-00158, 2024 WL 1701903, at *1 (D. Nev. Apr. 18, 2024) (finding defendant ineligible for sentence reduction under U.S.S.G. § 4A1.1 because defendant was not assigned any status points at sentencing).

Under Part B, Subpart 1, Amendment 821 provides for a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points. U.S.S.G. § 4C1.1. Here, defendant received three criminal history points and is therefore ineligible for a sentence reduction under this second section. *See, e.g.*, *United States v. Aguilar*, No. 13-00296, 2024 WL 1521382, at *1 (E.D. Cal. Apr. 8, 2024) (finding defendant ineligible for sentence reduction because he had one criminal history point).

Lastly, the court denies defendant's request for counsel. The decision whether to appoint counsel in post-conviction proceedings, such as requests for compassionate release, rests with the district court's discretion. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The court has reviewed defendant's request carefully and the record of this matter and does not find any circumstances warranting the appointment of counsel.

### III. CONCLUSION

Accordingly, because Amendment 821 does not impact defendant's sentence, he is not eligible for a sentence reduction nor are there any circumstances warranting the appointment of counsel. Defendant's motion and request are **denied**.

This order resolves ECF No. 52.

IT IS SO ORDERED.

DATED: October 7, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE